CV-05 3974

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROSLYN DEWEES, on behalf of herself
and all others similarly situated,

                Plaintiff,

-against-

LEGAL SERVICING, LLC

                Defendant.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 9 2005 ★

**CLASS ACTION COMPLAINT**

LONG ISLAND OFFICE

GARAUFIS, J.

POHORELSKY, M.

Plaintiff, by and through her undersigned attorneys, alleges upon knowledge to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following.

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from Defendant's violation of § 1692 of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     Plaintiff Roslyn Dewees (hereinafter "Dewees") is a resident of the State of New

York, Kings County. On or about August 20, 2004, plaintiff received a debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5.  Defendant Legal Servicing, LLC is a Delaware limited liability company located at 2801 Wehrle Drive, Suite 5, Williamsville, New York 14221. It is engaged in the business of collecting debt. Its Registered Agent is Agents and Corporations, Inc., 1201 Orange Street, Suite 600, Wilmington, Delaware 19801.

## CLASS ACTION ALLEGATIONS

6.  Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the defendant which are in violation of the FDCPA, as described in paragraphs numbered 15 through 18 of this complaint, as of the date of plaintiff's complaint. Excluded from the Class is the defendant herein and any person, firm, trust, corporation or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Legal Servicing, LLC.

7.  This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various specific provisions of the FDCPA.

9.  There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common

questions of law and fact include, without limitation:

    a.    Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692g(a)(2).

    b.    Whether plaintiff and the Class have been injured by the defendant's conduct;

    c.    Whether plaintiff and the class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10.    Plaintiff's claims are typical of the claims of the Class, and the plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.    A class action will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class

members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action Class members will continue to suffer losses of statutorily protected rights as well as monetary damages. If defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about August 20, 2004, defendant sent a collection letter to plaintiff Dewees demanding payment of a debt allegedly owed to a credit card. A copy of said letter is annexed hereto as **Exhibit A**.

16. The collection letter fails to state the name of the creditor to whom the debt is owed.

17. The collection letter employs false threats that cannot be legally taken and that are not intended to be taken.

18. Defendant in may instances violated the requirements of the FDCPA, in the following and other respects:

    (a) by falsely threatening litigation and garnishment in violation of 15 U.S.C. § 1692e(5) and 1692e(10).

    (b) by failing to include the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

## CLASS ALLEGATIONS

19. This action is brought on behalf of a class. The class includes

(i) All consumers who received a collection letter from defendant Legal Servicing, LLC;

(ii) which failed to identify the name of the creditor to whom the debt is owed, and

(iii) threatened litigation and garnishment.

20. The class period begins one year prior to the filing of this action.

21. The class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred class members. Plaintiff is complaining of standard form letters.

22. There are questions of law common to the class, which questions predominate over any questions affecting only individual class members. The principle questions presented are whether defendant violated 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692g(a)(2).

23. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor her counsel have any interests which might cause her not to vigorously pursue this claim.

24. Plaintiff's claims are typical of he class, which all arise from the same operative facts and are based on the same legal theories.

25. A class action is a superior method for the fair and efficient adjudication of the controversy.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative.

(b) Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, *inter alia*, engaging in conduct and practices that are in violation of the FDCPA;

(c) Issue a declaratory Order requiring defendant to make corrective disclosures;

(d) Awarding plaintiff and the class statutory damages;

(e) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

(f) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: August 18, 2005
Uniondale, New York

Abraham Kleinman (AK-6300)
Lawrence Katz    (LK-0062)
Katz & Kleinman PLLC
626 EAB Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile  (888) 903-8400

**EXHIBIT A**

**Legal Servicing, LLC**
Serving all 50 states
P.O. Box 515 - Williamsville, New York 14221 - Phone: (800) 694-0619 Fax: (716) 568-9399

08/20/2004

21348
R DEWEES
17 STERLING PL 4
BROOKLYN, NY 11217

RE: File #: 21348
Original Creditor: CHASE
ID: 5183373140025288
Balance: $ 8,547.25

Dear R DEWEES,

You are hereby notified:

The debt identified above was sold by CHASE, all of your rights and obligations regarding this contract have been assigned to this office. Your past due contract is currently being reviewed for potential litigation. This office may use any legal remedies permitted by law, most notably, commencing a legal action in order to obtain and enforce a court ordered judgment. Be advised that such judgment, depending on your jurisdiction, may result in wage garnishment, and/or a lien being placed against any real property owned by you.

Should you have any questions, please contact this office toll free at 800-694-0619, Monday through Friday 8:00am-6:00pm EST.

Federal law requires we notify you this in an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

Sincerely,

Legal Servicing, LLC