DIF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X
ROSALYN DEWEES, on behalf of
herself and all others similarly
situated,

                 Plaintiff,                        MEMORANDUM & ORDER
                                                      05-CV- 3974 (NGG)

               - against -

LEGAL SERVICING, LLC,

                 Defendant.
-------------------------------------------------X
GARAUFIS, United States District Judge.

In this putative class action, Rosalyn Dewees ("Plaintiff" or "Dewees") alleges that Legal Servicing, LLC (" Defendant" or "LSL") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692g(a)(2) when it sent a debt collection letter to Plaintiff on August 20, 2004. At this time, the court considers Defendant's motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is denied.

I.     **FACTUAL BACKGROUND**

The following facts are undisputed. Defendant sent Plaintiff a letter on August 20, 2004 (the "Letter"). (Compl. ¶ 15, Exh. A; Answer and Counterclaim ("Answer") ¶ 7.) The subject line of the Letter reads as follows:

        RE:    File #:21348
                 Original Creditor: CHASE
                 ID: 5183373140025288
                 Balance: $8,547.25

i

(Compl. Exh A.) The body of the letter stated as follows:

> **You are hereby notified**:
> The debt identified above was sold by CHASE, all of your rights and obligations regarding this contract have been assigned to this office. Your past due contract is currently being reviewed for potential litigation. This office may use any legal remedies permitted by law, most notably, commencing a legal action in order to obtain and enforce a court ordered judgment. Be advised that such judgment, depending on your jurisdiction, may result in wage garnishment, and/or a lien being placed against any real property owned by you.
> Should you have any questions, please contact this office toll free at 800-694-0619, Monday through Friday 8:00am-6:00pm EST.
> Federal law requires we [provide you with this notification] in an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

(Id.)

Defendant has submitted a June 8, 2005 Judgment of the Civil Court of the City of New York in the amount of $9,848.93 in favor of Defendant and against Plaintiff.[1] As a result, within

---

[1] In Defendant's September 8, 2005 letter requesting a pre-motion conference with respect to the instant motion, Defendant submitted the June 8, 2005 Judgment to the court. As a result, Plaintiff had notice that Defendant would rely upon the Judgment in making this motion well in advance of the time Defendant submitted its initial papers in support of this motion. Plaintiff does not assert that this Judgment is inadmissible or that this court may not consider the Judgment in ruling on this Rule 12(c) motion. The Court takes judicial notice of the Judgment pursuant to Fed. R. Evid. 201.

ten months of sending the debt collection letter, Defendant filed a civil action and obtained a judgment against Plaintiff.

## II. DISCUSSION

### A. Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Dismissal under Rule 12(c) "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (citations omitted).

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007), the Supreme Court explained that, in order to survive a motion to dismiss, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." If they "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.; see also Goldstein v. Pataki, __ F. Supp. 2d __, No. 06-CV-5827 (NGG), 2007 WL 1654009, at *33 (E.D.N.Y. June 6, 2007) (Garaufis, J.) (discussing Twombly). The Second Circuit has explained that Twombly imposes a plausibility requirement on pleadings under Rule 8, but does not, as a general matter, change the Rule 8 pleading standard: "the Court is not requiring a universal

3

standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, __ F.3d __, 2007 U.S. App. LEXIS 13911, at *35, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007). In another post-Twombly decision, the Second Circuit confirmed that "the district court must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Roth v. Jennings, __ F.3d __, 2007 WL 1629889, at *11 (2d Cir. June 6, 2007).

On a Rule 12(b)(6) motion, courts, without converting the motion to one under Rule 56, may consider "'documents attached to the complaint as an exhibit or incorporated in it by reference . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" Republic of Ecuador v. ChevronTexaco Corp., 376 F. Supp. 2d 334, 375 (S.D.N.Y. 2005) (quoting Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993)); see also Roth, 2007 WL 1629889, at *10 ("[E]ven if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion.") (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)) (emphasis added by Roth court); DIRECTV Group, Inc. v. Darlene Investments, LLC, 05-Civ-5819 (WHP), 2006 WL 2773024, at *3 (S.D.N.Y. Sept. 27, 2006) (In ruling on a Rule 12(c) motion, in addition to the pleadings, this court may consider "documents referenced in the pleadings as well as documents within the non-movant's knowledge and possession.").

## B. The Least Sophisticated Consumer Standard

In determining whether a collection letter violates Section 1692e or Section 1692g, courts apply an objective standard based on the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) (Section 1692e); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 300 (E.D.N.Y. 2005) (Section 1692g); Turner v. Asset Acceptance, LLC, 302 F. Supp. 2d 56, 58 (E.D.N.Y. 2004) (Section 1692e) (Garaufis, J.). This standard requires the court to determine how the "least sophisticated consumer" would interpret the notice received from the debt collector. Sparkman, 374 F. Supp. 2d at 300. The court must analyze "collection letters from the perspective of a debtor who is uninformed, naive, or trusting, but is making basic, reasonable and logical deductions and inferences." Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005) ("The least sophisticated consumer standard therefore ensures the protection of all consumers, but also protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.") (quotation marks omitted).

## C. Sufficiency of the Creditor Information

The court first considers whether the Letter violated Section 1692(e)(5), which requires that the debt collection letter identify the creditor that is owed the debt being collected. The court's role is to assess whether the "least sophisticated consumer" who read the entire letter would have been aware that the name of the creditor appeared in the letter pursuant to 1692(e)(5). See McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d. Cir 2002) (for purposes of ruling on a FDCPA claim, debt collection letters should be analyzed as a whole); Schweizer v. Trans Union Corp., 136 F.3d 233, 238 (2d Cir. 1998) ("We simply agree with the district judge that the [collection letter] received by [plaintiff], taken as a whole, would not on this record

deceive even the least sophisticated consumer."); Vega v. Credit Bureau Enters., No. 02-cv-1550 (DGT), 2005 WL 711657, at *9-10 (E.D.N.Y. Mar. 29, 2005) (reading the collection letter as a whole). This issue is difficult in large part because there appears to be little precedent on point. That being said, this court is unable, at this time, to find that Defendant identified the creditor as a matter of law.

Defendant mistakenly relies upon the following information to clearly identify the creditor: "The debt identified was sold by CHASE, all of your rights and obligations regarding this contract have been assigned to this office." Read in connection with the subject line language stating, "Original Creditor: CHASE," this language clearly indicates that CHASE was the original creditor.[2] This language also clearly indicates that, at some point, CHASE "sold" the debt. This language fails, however, to eliminate any factual question as to whether the least sophisticated consumer would understand (1) to whom CHASE sold the debt or (2) who owned the debt at the time the letter was sent. The closest this language comes to identifying the creditor is to state that "all of your rights and obligations regarding this contract have been assigned to this office." To the least sophisticated consumer, the word "assigned" may be vague. It could mean that (1) Defendant has purchased and continues to own the debt or (2) an unidentified owner of the debt has retained Defendant for the purpose of collecting the debt. The

---

[2] It is not clear to the court precisely who or what "CHASE" is, but Plaintiff has not asserted that the identity of the original creditor was ambiguous. Cf. Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-c-345, 2006 WL 1982499, at *3 (E.D. Wis. July 13, 2006) (Where letter simply stated that creditor was "Target," the court found that, "without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [defendant] sufficiently identified the creditor to whom [plaintiff's] debt is owed.")

fact that the sentence states that CHASE "sold" the debt and that the debt was "assigned" to Defendant lends additional credibility to the latter explanation because it potentially implies that a "sale" of the debt is different from an "assignment" of the debt.

Two other sentences in the letter may increase the least sophisticated consumer's confusion as to the identity of the creditor. First, the letter states that "[t]his communication is from a debt collector." This language arguably suggests that the letter is being sent by an agent for the creditor—specially retained for the purpose of collecting the debt—as opposed to the creditor. Second, the letter states that "[i]f you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from current creditor." This language is potentially confusing because it suggests that the letter is identifying neither the original creditor nor the current creditor. Further, since the letter appears to clearly identify the original creditor as CHASE, this language appears to leave open the possibility that although CHASE sold the debt at some point in the past, CHASE may have subsequently re-purchased the debt.

The parties have not identified any case that addresses whether a letter that provides the level of creditor information provided by the instant Letter can withstand a motion to dismiss. Nor has the court been able to identify any such case. The most analogous case, which was addressed in both parties' briefs, is Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y. 2005). In Sparkman, the name of the creditor, "The Bureaus, Inc.," appeared in the subject line of the collection letter, but that entity was not identified as a creditor. Id. at 300-01. The letter identified "Chase Visa/Mastercard" as the original creditor. Id. at 301. The body of the letter described The Bureaus as "an agent of the current owner of your account." Id. The

court found that the latter "language suggests that the creditor is someone other than The Bureaus." The <u>Sparkman</u> court found that the plaintiff was entitled to summary judgment on the claim that the letter failed to identify the creditor.

Although the letter in <u>Sparkman</u> clearly provided even less information about the identity of the creditor than the instant letter, I find the reasoning of <u>Sparkman</u> to be persuasive. I therefore determine that Dewees' claim that the letter fails to identify the plaintiff is plausible and can withstand a motion to dismiss. Using surveys of unsophisticated consumers, expert testimony, and/or other evidence, Plaintiff may be able to establish that the Letter would have failed to identify the creditor to the least sophisticated consumer.[3]

### D.    Improperly Threatened Legal Action

Plaintiff's second claim asserts that the Letter violates 15 U.S.C. §§ 1692e(5), (10) because it "employs false threats that cannot be legally taken and that are not intended to be taken." (Compl. ¶ 17.) Plaintiff points to the following language as deceptive:

> Your past due contract is *currently being reviewed* for potential litigation. This office *may* use any legal remedies permitted by law, most notably commencing a legal action in order to obtain and enforce a court ordered judgment. Be advised that such judgment depending on your jurisdiction, may result in wage garnishment, and/or a lien being placed against any real property owned by you.

(Compl. Exh. A (emphasis added).) Plaintiff argues that "[i]n this case the letter is false, as the

---

[3] This case is distinguishable from <u>Hernandez v. Affiliated Group, Inc.</u>, No. 04-cv-4467 (JG), 2006 WL 83474, at *2 (E.D.N.Y. Jan. 12, 2006). In <u>Hernandez</u>, the court held that a letter complied with the FDCPA when the following statement was on the back of the letter: Genesis Financial Solutions "is the owner of one or more of your accounts." <u>Id.</u> Nothing on the front of the letter contradicted this statement. The language in <u>Hernandez</u> identifying the creditor is far clearer than the language contained in the instant Letter, which states that the debt was "sold" by CHASE and "assigned" to Defendant, but not that Defendant "owns" that debt.

8

debt collector did not commence action with any immediacy." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl. Opp.") at 5-6.) Defendant asserts that Plaintiff's claim fails as a matter of law because (1) the Letter does not threaten immediate, imminent, or urgent litigation and, alternatively, (2) Defendant did take immediate action, pointing to a Judgment of the Civil Court of the City of New York in favor of Defendant and against Plaintiff that was issued approximately ten months after the Letter was sent.

Falsely suggesting that legal action was immediate, imminent, or urgent is actionable under Sections 1692e(5) and 1692e(10). See Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993) (Section 1692e(5)); Lewis v. ACB Business Servs., Inc., 911 F. Supp. 290, 293-94 (S.D. Ohio 1996) (Section 1692e(10)). Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Prohibited practices include "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). In order to state a claim based on that practice, a plaintiff must allege that a debt collector (1) threatened action that (2) cannot legally be taken or is not intended to be taken. 15 U.S.C. § 1692e(5); see also Bentley, 6 F.3d at 62. Each of these elements will be considered in turn.

Plaintiff has adequately alleged that Defendant threatened litigation. The Letter unequivocally states that Defendant "may . . . commenc[e] a legal action." This language adequately pleads a threat to initiate litigation. Defendant cites Spira v. Ashwood Financial, Inc., 358 F. Supp. 2d 150 (E.D.N.Y. 2005), for the proposition that this language does not constitute a threat. In Spira, the collection letter stated that it was the debt collector's policy to "report all unpaid accounts to a major credit bureau after 30 days of this notice." Id. at 160.

9

There was no evidence in the record that this statement was inaccurate. Id. In granting the defendant's motion for summary judgment with respect to the threat claim, the court concluded as follows:

> The letter states that it is a collection letter and to the extent that it threatens action, it merely reflects Defendant's policy, unrelated to Plaintiff's response, and reinforces the widely known fact that failure to pay debts that are owed might adversely affect one's credit rating and ability to obtain credit. The letter is therefore not abusive, deceptive, or threatening.

Id. (citations omitted). This language suggests that the Spira court's decision to grant summary judgment to the defendant was primarily based on the court's determination that the collection letter was not false. The language in the court's decision is ambiguous as to whether the court found a material question of fact as to whether a threat existed: on the one hand, the court stated that "to the extent that [the letter] threatens action;" on the other hand, the court stated that "[t]he letter is therefore not . . . threatening." In contrast, in this case, the Letter states that Defendant "may" initiate litigation, which the least sophisticated consumer may reasonably conclude is a threat. In short, Plaintiff has adequately alleged that a threat was made. See, e.g., Russey v. Rankin, 911 F. Supp. 1449, 1454 (D.N.M. 1995) (letter stating that creditor has right to file a lawsuit threatens litigation); Rosa v. Gaynor, 784 F. Supp. 1, 2, 4-5 (D. Conn. 1989) (Cabranes, J.) (letter from attorney stating that "we may be forced to proceed with a lawsuit" constitutes a threat to file suit).

Whether Plaintiff has adequately pled that a *false* threat was made is a far closer question. Plaintiff does not assert that Defendant threatened to bring an action that could not legally have been brought; Plaintiff's only argument is that the letter falsely asserted immediate or imminent action. (Pl. Opp. at 5-6.) Determining whether Plaintiff has adequately stated a claim that

10

Defendant falsely asserted immediate or imminent action involves two related questions: (1) did the August 20 Letter threaten imminent or immediate or otherwise urgent action and, if so, (2) did the civil action that culminated in the June 8, 2005 Judgment satisfy the imminence, immediacy, or urgency threatened in the letter.

After reviewing the cases cited by the parties and independently researching the issue, it is clear that debt collectors make no threat of imminent, immediate, or otherwise urgent action as a matter of law where the debt collector states that legal action *may* follow and does nothing more to suggest that the legal action would be immediate. See Gostony v. Diem Corp., 320 F. Supp. 2d 932, 941 (D. Ariz. 2003) ("Even the least sophisticated debtor would not conclude from" a letter stating that debt collector "may" file lawsuit and/or garnish debtor's wages "that Defendants presently planned to attempt to garnish [plaintiff's] wages, or intended to do so at any time without having first obtained a judgment."). In fact, no threat of immediate legal action is made where the letter states that the debt should or must be paid immediately, and that legal action *may* follow. See Lee v. CBC Co., No. C-3-95-018, 1996 U.S. Dist. LEXIS 21993, at *18 (S.D. Ohio Sept. 26, 1996) (debt collection letter stating that "THE BALANCE IS DUE IN FULL AND MUST BE PAID TODAY" but "used the word 'may' [initiate legal action] does not connote a threat of immediate action" as a matter of law). Cf. Lewis, 911 F. Supp. at 293-94 (false urgency claim fails as a matter of law where letter states that debtor's account is undergoing a "final review" and that "IT IS IMPORTANT THAT ARRANGEMENTS BE MADE AS SOON AS POSSIBLE" because "[a] debt collector attempting to collect a seriously overdue $14,000 debt does not convey a false sense of urgency by suggesting that arrangements should be made as soon as possible.").

In contrast, in those cases where the court has found a threat of imminent, immediate, or urgent legal action, the collection letter included some language suggesting that legal action was imminent other than the mere statement that legal action "may" be taken and that the debt is currently due or past due. See Bentley, 6 F.3d at 62 (letter falsely stating that debt collection agency had authority to commence legal proceedings "implied that the commencement of legal proceedings was imminent when, in fact, this was not the case"); Lee, 1996 U.S. Dist. LEXIS 21993, at *19 (letter stating that, if debtor does not contact debt collector "IMMEDIATELY, additional actions, which might include LEGAL ACTION, will be taken" to resolve the matter, raises a material question of act as to whether letter falsely threatened legal action); Rosa, 784 F. Supp. at 4-5 (granting plaintiff summary judgment where (1) letter created the false impression that defendant could and would file an enforcement action in Ohio immediately even though the defendant could have initiated suit only after obtaining authority from the collection agency and (2) defendant-attorney was not admitted to practice law in Connecticut, where such an enforcement action would have to be filed, because the "letter deceptively created the impression that legal proceedings were more imminent than they were").

In this case, the Letter states that (1) Defendant "may" file litigation and that (2) the Plaintiff's debt is "currently being reviewed for potential litigation." It is impossible to conclude that this language does not threaten immediacy as a matter of law. The least sophisticated consumer may reasonably read the statement that the debt is "currently being reviewed for potential litigation" to mean that litigation is imminent. Although the question is a close one, the Letter states more than that litigation "may" be brought and, as a result, falls within those cases holding that when language that litigation *may* be brought is coupled with some other suggestion

12

that litigation is imminent, the plaintiff has stated a claim that the letter falsely implies urgency.

Further, the fact that Defendant actually did bring a civil claim and obtain a judgment within ten months of sending the letter in no way saves the letter. Using surveys and other evidence, Plaintiff may be able to establish that the least sophisticated consumer may understand the letter to state that Defendant would initiate litigation in the very near future, such as in the next ten to sixty days. As a result, Plaintiff states plausible claims under Sections 1692e(5) and 1692e(10) that the letter falsely threatens immediate or imminent legal action.[4]

---

[4] Defendant makes a separate argument that Plaintiff's Section 1692e(10) claim fails. (See Def. Mem. at 8-9.) This separate argument appears to assume that Plaintiff states a Section 1692e(10) claim on some ground other than that the letter falsely threatens imminent legal action. The court declines to reach this argument because Plaintiff is not alleging any such alternative legal theory. After reviewing the Complaint and Plaintiff's motion papers, the court can discern no Section 1692e(10) liability theory other than the false threat of imminent legal action theory. Further, Plaintiff's Opposition Brief makes clear that she is not alleging any such alternative theory: "The Plaintiff alleged within the complaint that the letter violated the Fair Debt Collection Practices Act by: a) failing to indicate who the creditor is; and b) falsely implying the immediacy of legal action." (Pl. Opp. at 1.)

## III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is DENIED. Plaintiff is directed to contact Magistrate Judge Viktor V. Pohorelsky immediately for the purpose of scheduling a case management conference. The parties shall contact this court or Judge Pohorelsky if they feel a settlement conference would be productive.

SO ORDERED.

/signed/
Nicholas G. Garaufis
United States District Judge

Dated: June 29, 2007
Brooklyn, New York